409 A.2d 407
**COMMONWEALTH of Pennsylvania**
v.
**Vincent FERRARA, Debra Ferrara, Appellants.**

Supreme Court of Pennsylvania.

Argued Oct. 18, 1979.
Decided Dec. 21, 1979.

---

**3.** Rule 1518 has since been amended to require that exceptions be filed within ten days.

394

---

Gregory B. Emmons, Doylestown, Asst. Public Defender, for appellants.

Stephen B. Harris, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

OPINION

LARSEN, Justice.

This is an appeal of the criminal contempt convictions of appellants Vincent and Debra Ferrara (husband and wife).

These convictions arose as follows: On October 19, 1977, each appellant was charged with theft by deception, bad checks, and criminal conspiracy. On that date, appellants were preliminarily arraigned and each was released on bail. As conditions of bail, each appellant was required to "appear before . . . [the court] . . . at all time as his presence may be required, ordered, or directed, until full and final disposition of the case, to plead, to answer and defend as ordered the aforesaid . . . charges" and to "to submit himself to all orders and processes of the . . . court". Additionally, each appellant was required to give written notice to the clerk of courts, the District Attorney and court bail agency of any change of address within 48 hours of said change.[1]

On or about December 23, 1977, the clerk of courts sent a notice to the last known address of each appellant, notifying same that arraignment was scheduled for January 4, 1978 and that trial was scheduled to commence on January 23, 1978. On January 4, 1978, appellants failed to appear for arraignment and so bench warrants were issued. On January 23, 1978, appellants failed to appear for trial and their cases were continued.

1. Pennsylvania Rule of Criminal Procedure 4013 provides in pertinent part:

When a person is admitted to bail, the conditions of the bail bond shall be that such person will:

(a) appear before the issuing authority or court at all times required until full and final disposition of the case;

(b) submit to all orders and process of the issuing authority or court;

(c) give written notice to the issuing authority, the clerk of courts, the district attorney, and court bail agency or other designated court bail officer, of any change of address within forty-eight (48) hours of the date of such change;

. . . . .

On June 22, 1979, the bench warrants were returned and appellants were brought before the lower court. Appellant Debra Ferrara was examined and she testified in pertinent part:

BY MR. EMMONS [ASSISTANT PUBLIC DEFENDER]:

Q Will you explain to the Court why you didn't appear?

A [APPELLANT DEBRA FERRARA] Your Honor, *there is no reason. I just didn't appear, I was scared. I had no reason not to appear.* I had never been arrested before. That was the first time I was arrested, I was just scared and I didn't come.

BY THE COURT:

Q Did you call?

A No.

Q What did you think was going to happen?

A I don't know.

Q If you didn't appear, did you think that everyone would forget about it?

A To tell you the truth, *yes.*

 . . . . .

Q Where have you been between January of 1978 until April of 1979?

A I lived in Philadelphia.

Q At what address?

A Different addresses.

Q You moved around?

A *Yes.* [Emphasis provided]

The lower court revoked appellant Debra Ferrara's bail, found her in contempt, and sentenced her to a sixty-day imprisonment.

Appellant Vincent Ferrara was then examined and he testified in pertinent part:

[APPELLANT VINCENT FERRARA] Well, Your Honor, first allow me to speak on behalf of my wife, because I don't think she understood what you were saying.

The reason we failed to appear here at the time of your charges is because we were evicted from our apartment and we didn't receive notice.

We didn't have a permanent address at that time. We were trying to find an apartment to settle down in and when we finally did we overreacted to the situation.

And like my wife said, we were scared. And we didn't know what date to appear because we changed our apartment.

THE COURT: You didn't receive notice to appear for either your arraignment or trial?

[A] No, Your Honor. We didn't have a permanent address at that time. We were living from place to place.

THE COURT: Did you apprise anyone of your change of address?

[A] *Well, we were afraid to call in and ask the District Attorney.*

THE COURT: The District Attorney didn't know that you were not going to appear for arraignment on January 4th, 1978?

[A] *No, sir.* We didn't know about this until we were in Delaware County Prison and we found out that they had a bench warrant on us.

. . . . .

But we didn't receive notice from Bucks County. I just wanted to straighten it out because my wife didn't know what she was talking about when she was up here. This is her first time, and I feel more responsible than her for not appearing. It's not her fault.

THE COURT: Well, at least she didn't deny that she didn't receive notice.

[A] Well, I told her that I would try to explain to you myself for her. I believe I can explain it better than she can.

But we didn't receive notice.

THE COURT: Well, your wife is either mistaken or lying, because the reason she said she didn't appear was because she was afraid.

[A] Well, this is the truth, Your Honor. We didn't get no mail, and that's the truth.

THE COURT: Well, I don't believe you. I believe your wife, I believe that you received notice and you failed to appear.

The lower court revoked appellant Vincent Ferrara's bail, found him in contempt, and sentenced him to a four-month imprisonment.

Appellants now appeal their contempt convictions to this Court.

Appellants' first contention is that there was insufficient evidence to support their contempt convictions. Section 2041 of the Act of June 16, 1836, P.L. 784, § 23, 17 P.S. 2041 (1962) provided: .

> The power of the several courts of this commonwealth to issue attachments and to inflict summary punishments for contempts of court shall be restricted to the following cases, to-wit:
>
> I. To the official misconduct of the officers of such courts respectively;
>
> II. *To disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court;*
>
> III. To the misbehavior of any person in the presence of the court, thereby obstructing the administration of justice. [Emphasis provided] [2]

■ In the past, this Court has held that a defendant who intentionally appears late for trial can be held in contempt, *Commonwealth v. Washington,* 466 Pa. 506, 353 A.2d 806 (1976) and that an attorney who intentionally fails to appear in court on dates that he was scheduled can be held in contempt. *Commonwealth v. Washington,* 470 Pa. 199, 368 A.2d 263 (1977). Clearly, a party who, pursuant to a bail agreement, is under an obligation to appear in court and

---

**2.** Section 2041 was reenacted in substantially the same form effective June 27, 1978. *See* 42 Pa.C.S.A. 4131 (1979 Pamphlet). Since appellants' contemptuous conduct occurred on January 4, 1978 and January 23, 1978 (when they failed to appear for arraignment and trial), the older statute is applicable in the instant case.

who willfully fails to appear in said court has acted in "disobedience" of "the lawful process of the court" and therefore, can be held in contempt. This would be in conformity with this /Court's holding in *Commonwealth v. Cohen*, 481 Pa. 349, 354, 392 A.2d 1327, 1330 (1978) wherein this Court described a defendant's bail obligations: "Where a defendant undertakes to accept the status of bail during the pendency of court proceedings he assumes the responsibility of making himself available for any court appearances required of him in connection with the action, upon receipt of reasonable notice."

In the instant case, it is undisputed that the clerk of courts sent notices to the last known addresses of appellants (each of whom was released on bail), notifying each appellant of the dates for arraignment and the commencement of trial; however, neither appellant appeared on the specified dates. Appellant Debra Ferrara's testimony indicates that although she received the aforementioned notice, her sole reason for failing to appear on the scheduled dates was that she was "scared". Additionally, even if appellant Vincent Ferrara's claim that appellant did not receive the aforementioned notices was to be believed (the lower court found his testimony to be incredible), the reason that appellants did not receive this notice was because they did not fulfill a condition of the bail agreements (namely, notifying the appropriate authorities of address changes). Clearly, there was sufficient evidence to support the lower court's finding that appellants acted in "disobedience or neglect" of "the lawful process of the court" and therefore, their contempt convictions must be affirmed.

Appellants next contend that "[t]he fact that . . [they] failed to appear for an arraignment and trial was not an act committed in *open court* " and therefore, they cannot be punished by imprisonment. Section 2042 of the Act of June 16, 1836, P.L. 784, § 24, 17 P.S. 2042 (1962) provided:

> The punishment of imprisonment for contempt as aforesaid shall extend only to such contempts as shall be committed *in open court*, and all other contempts shall be punished by fine only. (Emphasis provided) [3]

Appellants' contention is without merit. Black's Law Dictionary (1968) defines "open court" as one "which has been formally convened and declared open for the transactions of its proper judicial business". Appellants' failure to appear on the scheduled dates for arraignment and for trial were acts committed in "open court" (that is, in a court "convened and declared open for the transaction of its proper judicial business") and therefore, their contemptuous conduct can be punished by imprisonment. In the past, this Court has held that a witness who appears in court but who refuses to testify can be held in contempt and can be imprisoned for said contemptuous conduct. *Commonwealth v. Strickler,* 481 Pa. 579, 589–90, 393 A.2d 313, 318 (1978); clearly, the conduct of appellants (in not even appearing in court) is no less contemptuous than the conduct of a witness who appears but refuses to testify and is deserving of no lesser punishment.

■ Appellants' final contention is that even "if the court had the power to find them in contempt and sentence them to a term of imprisonment, the court did not provide them with their statutory and due process rights". This argument is based on appellants' assumption that they were entitled to the rights enumerated in section 2047 of the Act of June 23, 1931, P.L. 925, § 1, 17 P.S. 2047 (1962) which provided:

> In all cases where a person shall be charged with indirect criminal contempt for violation of a *restraining order or injunction* issued by a court or judge or judges thereof, the accused shall enjoy—

> (a) The rights as to admission to bail that are accorded to persons accused of crime;

---

**3.** This statute was reenacted in substantially the same form effective June 27, 1978. *See,* 42 Pa.C.S.A. 4132 (1979 Pamphlet).

(b) The right to be notified of the accusation and a reasonable time to make a defense, provided the alleged contempt is not committed in the immediate view or presence of the court;

(c) Upon demand, the right to a speedy and public trial by an impartial jury of the judicial district wherein the contempt shall have been committed provided that this requirement shall not be construed to apply to contempts committed in the presence of the court or so near thereto as to interfere directly with the administration of justice, or to apply to the misbehavior, misconduct, or disobedience of any officer of the court in respect to the writs, orders, or process of the court; and

(d) The right to file with the court a demand for the retirement of the judge sitting in the proceeding, if the contempt arises from an attack upon the character or conduct of such judge, and if the attack occurred otherwise than in open court. Upon the filing of any such demand, the judge shall thereupon proceed no further but another judge shall be designated by the presiding judge of said court. The demand shall be filed prior to the hearing in the contempt proceeding. [Emphasis provided] [4]

 Clearly, section 2047 is inapplicable to appellants since their contempt convictions were *not* based on their violation of a restraining order or an injunction. Additionally, section 2041 (the statute which appellants violated) specifically provided that the courts have the power to "inflict *summary* punishments for contempts of court." [5] As the lower court stated in its opinion: "[T]here is a statutory basis for the contempt proceeding herein held, defendants were afforded a hearing in open court at which time they

---

4. This statute was reenacted in substantially the same form effective June 27, 1978. *See,* 42 Pa.C.S.A. 4135 (1979 Pamphlet).

5. Appellants' contention that they were not given "fair notice of the charges against them" is without merit since said argument is based on the assumption that their conduct constituted indirect contempt. In fact, appellants' conduct constituted direct contempt.

were represented by counsel and furnished the opportunity to present whatever defense or defenses they had." [6]

Judgments of sentence affirmed.

ROBERTS, J., filed a dissenting opinion.

MANDERINO, J., did not participate in the decision of this case.

ROBERTS, Justice, dissenting.

I dissent. The trial court sentenced appellant Vincent Ferrara to four months imprisonment and appellant Debra Ferrara to two months imprisonment for criminal contempt. Yet in doing so it failed to comply with the mandatory requirements set forth in the Sentencing Code. Review of the record discloses that the sentencing judge failed to consider the "nature and circumstances of the crime and the history, character, and condition of the defendant . . ." P.L. 1482, No. 334, § 1325, December 6, 1972, as amended, 18 Pa.C.S.A. § 1325. See *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976) (sentencing court acted improperly in automatically imposing sentence solely upon the crime); see generally, *Commonwealth v. Kostka,* 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins,* 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion). I would, therefore, vacate judgments of sentence and remand for appropriate resentencing under the Code.

6. Appellants argue that they were not "given other procedural safeguards . . . in that [they] . . . were not advised of their right to appeal and their right to counsel for that appeal." That appellants were not informed of their right to appeal and their right to have appellate counsel was harmless error since appellants, in fact, appealed their contempt convictions and were represented by counsel on said appeal.

Appellants also claim that the lower court erred in not providing them with an opportunity "to argue relative to the sentence". This argument was not raised in the lower court and therefore, is waived. *Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974). *See, In Re Martorano,* 464 Pa. 66, 76, 346 A.2d 22, 27 (1975).