J-S56037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RASHEED SMITH :
:
Appellant : No. 1821 EDA 2018

Appeal from the Judgment of Sentence Entered May 24, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-MD-0000124-2018

BEFORE: PANELLA, P.J., OLSON, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 08, 2020**

Appellant Rasheed Smith appeals from the May 24, 2018 judgment of

sentence imposed following his conviction for contempt of court.[1] Appellant

claims he had inadequate notice of the charges and challenges the sufficiency

of the evidence supporting his conviction. We affirm.

The trial court summarized the relevant facts and procedural history as

follows.

> On December 10, 2010, Appellant was arrested and charged with
> possession with intent to deliver a controlled substance (PWID).
> He was released on bail on the same day. After several
> continuances, Appellant's trial commenced . . . on April 1, 2013.
> The secure docket entry for that date states that Appellant "came
> to court and left." Before Appellant left, [the judge] advised that
> "should [Appellant] leave court, the court will issue a judge only
> bench warrant." After Appellant absconded, [the judge] revoked

_____

[1] 42 Pa.C.S. § 4132(3)

his bail, issued a bench warrant, and proceeded to conduct a trial *in absentia*.

On April 4, 2013, at the conclusion of Appellant's trial *in absentia*, the jury returned a hung jury verdict and the [trial court] granted a mistrial. The Commonwealth advised it would retry Appellant, *in absentia* if necessary, and the [trial court] listed the matter for retrial. The dockets establish that retrial was scheduled and continued on numerous occasions between April 4, 2013 and May 4, 2018. All the while, Appellant's bench warrant remained open and he failed to appear at every hearing. The docket reflects that both the Commonwealth and defense counsel made numerous attempts to contact Appellant and bring him to his court hearings.

On May 22, 2018, the Philadelphia Police finally arrested Appellant on his bench warrant. On May 24, 2018, [the trial court] held a hearing to determine (1) whether Appellant wished to enter a guilty plea or proceed to trial on his PWID charge, and (2) whether Appellant should be held in contempt for his absconsion and repeated failure to appear in Court despite his bench warrant.

Trial Ct. Op., 5/7/19 at 1-2 (record citations omitted and some formatting altered).

At the May 24, 2018 hearing, before Appellant entered the courtroom, Appellant's counsel stated that Appellant had been fully advised "on everything" and confirmed that Appellant intended to enter a guilty plea on the PWID charge. N.T., 5/24/18, at 3. Next, the trial court indicated that there was "of course, a contempt matter that would have to be handled as well." *Id.* Appellant's counsel did not object or indicate that he was unaware of the contempt issue. Rather, counsel suggested that the trial court colloquy Appellant "about the whole thing". *Id.* Once Appellant entered the courtroom, the trial court informed him that there was a contempt issue to be addressed that day. *Id.* at 6. Appellant's counsel did not object at that time.

Appellant asserted that he had not seen the bench warrant. *Id.* at 7. However, Appellant's counsel indicated that he had shown Appellant a copy of the bench warrant prior to the hearing and again showed Appellant upon the request of the trial court. *Id.* at 8.

> At the hearing, Appellant declined the Commonwealth's plea offer, and [the trial court] found him in contempt. On the contempt conviction, [the trial court] sentenced Appellant to incarceration for five (5) months and twenty-nine (29) days.
>
> On June 6, 2018, Appellant filed a notice of appeal to the Superior Court, and on February 14, 2019, he filed a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). [The trial court filed a responsive opinion.]

Trial Ct. Op. at 2.

> Appellant raises two issues for our review:
>
> 1. In finding [Appellant] in direct criminal contempt, did not the trial court violate [Appellant's] due process rights under the federal and state constitutions inasmuch as [Appellant] was not furnished with adequate notice that he was facing contempt proceedings, and did not have adequate opportunity to prepare a defense?
>
> 2. Was not the evidence insufficient to establish a finding of contempt beyond a reasonable doubt in violation of [Appellant's] state and federal constitutional rights, where there was no evidence of misconduct that obstructed the administration of justice?

Appellant's Brief at 3.

In his first issue, Appellant argues that he did not have adequate notice of the contempt hearing. Appellant contends that he was denied due process of law because the trial court announced its intention to deal with the contempt issue after the May 24, 2018 hearing concerning the negotiated

guilty plea for PWID and the bench warrant was underway. *Id.* at 9. Appellant insists that he did not have adequate notice that he was facing a contempt charge when he was brought in for the bench warrant. *Id.* Appellant concludes that his conviction is a violation of his constitutional right to due process. *Id.* at 8.

As a preliminary matter, we must determine if this issue is properly before us. "Issues not raised before the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Instantly, Appellant's counsel did not raise an objection challenging the lack of notice of the contempt charge at the May 24, 2018 hearing, nor did counsel request a continuance. *See* N.T. at 10-11. Accordingly, we find that Appellant waived this claim by failing to object.

Even if Appellant's claim was properly preserved, no relief is due. Regarding due process in matters of criminal contempt, the Pennsylvania Supreme Court held that

> [t]he Constitution certainly requires that [an] appellant be given fair notice of the charges against him and an opportunity to be heard. But no need exists to fit criminal contempt . . . into the mold of procedures created for more commonplace offenses. This [c]ourt has in the past recognized that due process is a flexible concept and not one wed to fixed formalities.
>
> Certainly the Constitution does not require any particular mode of informing an accused of the charges against him. . . .

*Commonwealth v. Mayberry*, 327 A.2d 86, 91-92 (Pa. 1974) (citations omitted). However, the Constitution requires that a contemnor be provided with reasonable notice and an opportunity to be heard. *Id.* at 94.

Instantly, Appellant had adequate notice of the contempt charges against him. The secure docket indicates that the court advised Appellant that it would issue a bench warrant if he left court on April 1, 2013. Appellant elected to leave. The court issued a bench warrant and the PWID trial proceeded *in absentia*. Following six years of continuances and contact attempts by both the Commonwealth and Appellant's counsel, the police arrested Appellant for the bench warrant and brought him to court. Appellant's counsel showed Appellant the bench warrant before the hearing. During the hearing, Appellant's counsel presented an argument against a finding of contempt. *See* N.T. at 10-11. Further, Appellant had the opportunity to speak on his own behalf. *See Id.* at 14.

We conclude that Appellant received adequate notice under the circumstances of the contempt charge and the hearing that resulted from his failure to return to court. Accordingly, there was no violation of his due process rights. *See Mayberry*, 327 A.2d at 92.

In his second issue, Appellant argues that there was insufficient evidence to convict him of criminal contempt. *Id.* at 13. Appellant asserts that the Commonwealth did not present evidence that Appellant's conduct obstructed the administration of justice. *Id.* Appellant contends that his departure from court and failure to return did not disrupt the proceedings. *Id.*

Specifically, Appellant insists that his absence did not affect the court's authority because the court proceeded with the trial *in absentia*. **Id.** at 14. Therefore, Appellant concludes that the evidence was insufficient to support his conviction.

This Court has held that

[t]he standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute judgment for the fact-finder. . . . Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Estepp**, 17 A.3d 939, 943-944 (Pa. Super. 2011) (citation omitted).

There are two types of contempt: direct and indirect.  **Commonwealth v. Brown**, 622 A.2d 946, 948 (Pa. Super. 1993).  "To sustain a conviction for direct criminal contempt [under Section 4132(3)], there must be proof beyond reasonable doubt (1) of misconduct, (2) in the presence of the court, (3) committed with the intent to obstruct the proceedings, (4) that obstructs the administration of justice."  **Commonwealth v. Moody**, 125 A.3d 1, 5 n.4 (Pa. 2015) (citation omitted).

"Contempt requires actual, imminent prejudice to a fair proceeding or prejudice to the preservation of the court's orderly procedure and authority."

*Commonwealth v. Odom*, 764 A.2d 53, 57 (Pa. Super. 2000) (citation and internal quotation marks omitted). Failure of a party to remain for the duration of the proceedings is an act of direct criminal contempt. *See Commonwealth v. Shaw*, 421 A.2d 1081 (1980) (affirming contempt conviction where the appellant failed to return to court for the afternoon session).

Instantly, Appellant's departure constituted misconduct in the presence of the court. *See id.* at 1085. Appellant acknowledged that "leaving court on the day trial is scheduled can constitute direct criminal contempt." Appellant's Brief at 14. Appellant only challenges the fourth element under Section 4123(3), obstruction of the proceedings. *See id.* Appellant cites no authority for his position that proceedings are not disrupted when a trial continues *in absentia*. *See id.*

Following Appellant's departure in April 2013, the trial proceeded *in absentia*, resulting in a hung jury. *See* Trial Ct. Op. at 1. Appellant's absence hindered attempts to retry the matter because Appellant could not be located. *See* Docket No. 0019-2011. As a result, the matter was continued numerous times over a six-year period until Appellant was apprehended. *See id.* The delay caused by Appellant's misconduct resulted in actual prejudice to his trial, as well as the court's orderly procedure. *See Odom*, 764 A.2d at 57. Therefore, Appellant's actions significantly disrupted the proceedings, satisfying the fourth element of contempt. *See id.*

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/8/20