**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Anthony EDWARDS, Appellant (at 4347).**

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Arthur BRINSON a/k/a Daniel Glover, Appellant (at 219).**

Superior Court of Pennsylvania.

Argued Oct. 28, 1997.

Filed Dec. 31, 1997.

John W. Packel, Asst. Public Defender, Philadelphia, for appellants.

Will Spade, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CAVANAUGH, SCHILLER, and MONTEMURO,* JJ.

CAVANAUGH, Judge:

These two consolidated appeals present the issue of the propriety of conviction and sentence for the crime of summary criminal contempt at bench warrant hearings where the appellants had violated conditions of bail and there was no pre-hearing notice that liability for criminal contempt and sentencing would be considered at the hearing.

▇ Each appellant was adjudged guilty of criminal contempt and sentenced to five months and twenty-nine days of imprisonment. They had each failed to appear as required at previous court proceedings. Appellants first argue that the convictions are defective since there was no evidence that the alleged contemptuous conduct was observed by the court and there was no compelling necessity for immediate action to vindicate the court's authority.

Since conviction and sentence for summary criminal contempt may be carried out without some of the usual procedural safeguards which normally attend criminal proceedings,

*Retired Justice assigned to the Superior Court.

the application of the sanction has been limited to narrowly defined circumstances. The need for immediate vindication of the court's authority has been recognized by the United States Supreme Court:

> Only such conduct as created 'an open threat to the orderly procedure of the Court and such a flagrant defiance of the person and presence of the judge before the public' that, if not instantly suppressed and punished, demoralization of the Court's authority will follow.

*In re Oliver*, 333 U.S. 257, 274, 68 S.Ct. 499, 508, 92 L.Ed. 682, 695 (1948). Our Supreme Court has similarly stated:

> The power to impose summary criminal contempt is available only for
>
>> such conduct as created an open threat to the orderly procedure of the court and such flagrant defiance of the person and presence of the judge before the public that, if not instantly suppressed and punished, demoralization of the court's authority will follow.
>
> *Jessup v. Clark*, 490 F.2d 1068, 1071 (3rd Cir.1973) (quotation marks omitted); accord, *Cooke v. United States*, 267 U.S. 517, 536, 45 S.Ct. 390, 394–95, 69 L.Ed. 767 (1925); *United States v. Marra, supra*[482 F.2d 1196], at 1201[(2d Cir. 1973)]. Only in such circumstances may a court subject a contemner to punishment without the procedural protections otherwise accorded the criminal accused.

*Commonwealth v. Garrison*, 478 Pa. 356, 366–67, 386 A.2d 971 (1978).

*Oliver* requires a second narrow condition—that the contemptuous conduct be actually observed by the Court:

> Except for a narrowly limited category of contempt, due process of law as explained in the Cooke case requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, *where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court*, and where immediate punishment is essential to prevent 'demoralization of the court's authority * * * before the public.' *If some essential elements of the offense are not personally observed by the judge, so that he must depend upon statements made by others for his knowledge about these essential elements, due process requires, according to the Cooke case, that the accused be accorded notice and a fair hearing as above set out.*

*In re Oliver*, 333 U.S. at 275, 68 S.Ct. at 508–09, 92 L.Ed. at 695. (emphasis added.)

The Commonwealth, however, argues with support in Pennsylvania cases, that there is no requirement that the conduct must be observed by the court and that the failure to appear in court as required, may constitute direct criminal contempt when the miscreant is finally brought into court.

Accordingly, this court has noted that Pennsylvania has departed from the "observed by" or "in front of" requirement for direct contempt:

*Commonwealth v. Brown*, 424 Pa.Super. 333, 622 A.2d 946, 948 (1993).

> While the general definition of direct contempt is an act committed in the presence of the court, many prison sentences for direct contempt have been upheld although the act was not committed "in front of" the judge finding the contempt. *See Commonwealth v. Crawford*, 466 Pa. 269, 352 A.2d 52 (1976) (contemnor stated he would not testify though he did not actually refuse to answer questions in open court); *Commonwealth v. Shaw*, 280 Pa.Super. 575, 421 A.2d 1081 (1980) (defendant failed to return to court for afternoon session). We have held also that in proceedings before a grand jury, a witness' refusal to testify is considered as taking place in the presence of the court. *See Rosenberg Appeal*, 186 Pa.Super. 509, 142 A.2d

449 (1958). Conversely, we have noted that the mere presence of an officer of the court during a contemptuous act does not make that act a direct contempt. *See Altemose Const. Co. v. Building and Const. Trades Council of Philadelphia*, 449 Pa. 194, 296 A.2d 504 (1972) (acts committed at construction site do not constitute direct criminal contempt even though sheriff was present), *cert. denied*, 411 U.S. 932, 93 S.Ct. 1901, 36 L.Ed.2d 392 (1973).

*Commonwealth v. Brown*, 424 Pa.Super. 333, 622 A.2d 946, 948 (1993).

More precisely on point and immediately authoritative is *Commonwealth v. Ferrara*, 487 Pa. 392, 409 A.2d 407 (1979) before our Supreme Court. In that case, appellants had been found in contempt for failure to appear for court and, when bench warrants were executed, they were held in direct criminal contempt under 42 Pa.C.S.A. 4131 (now renumbered as 42 Pa.C.S.A. 4132). The court held that failure to appear is an act committed in open court "That is, in a court convened and declared open for the transaction of business". The court engaged in the *a fortiori* reasoning that if one who appears in court and refused to testify can be properly held in contempt (*Commonwealth v. Strickler*, 481 Pa. 579, 393 A.2d 313 (1978)), it is no less contemptuous to refuse to appear in court.

Since *Ferrara* was decided long after the U.S. Supreme Court decision in *Oliver*, we must reject appellant's contention that under Pennsylvania law, failure to appear in court pursuant to previous court process may not

be considered an act of direct criminal contempt when the person is finally brought to court.

■ Appellants also complain that there was inadequate notice and an opportunity to prepare a defense.

Pennsylvania has long held that in cases of direct criminal contempt, the contemnor is entitled to reasonable notice and time to prepare a defense.

*Commonwealth v. Mayberry*, 459 Pa. 91, 327 A.2d 86 (1974) (Contempt sentence reversed, new trial granted—"... the Constitution does require that a contemnor should have reasonable notice of the specific charges and an opportunity to be heard ..." (citing *Taylor v. Hayes*, 418 U.S. at 499, 94 S.Ct. at 2703)).[1]

*Commonwealth v. Jackson*, 367 Pa.Super. 6, 532 A.2d 28 (1987) (Contempt proceeding invalid—sentence vacated. " ... appellant had no prior notice that a contempt hearing was to be held the next morning. Appellant, therefore, had no opportunity to prepare a defense ... ")

The Commonwealth, however, while conceding that both defendants were before the court for bench warrant hearings, argues that the notice argument as to contempt proceedings has been waived by reason of failure to object to lack of notice or to request a continuance. However, in each instance, the bench warrant hearings were perfunctory and without any adequate notice that the appellants were being subjected to contempt proceedings.[2]

---

1. Appellee argues that *Commonwealth v. Ferrara*, (Op. cit. on issue of observation of contempt) is authority for the proposition that summary punishment for failure to appear may be given without notice to contemnor. Our reading of *Ferrara*, however, suggests that this issue in the context of direct criminal contempt was not discussed by the court.

2. The hearing in Edwards up to the point of adjudication and sentence follows:

ANTHONY EDWARDS, 9530 Wendle Court, Philadelphia, Pennsylvania, 19923, was duly sworn.

THE COURT: Counsel, your client failed to appear on 11–14–94. What happened?

MR. FILLER: Your Honor, at this time the defense rests.

THE COURT: D.A. want to say something?

MS. McDERMOTT: No, Your Honor.

THE COURT: Mr. Edwards, you have the absolute right to speak on your own behalf. You do not have to say anything. If you choose to remain silent that decision will not be held against you, but if you want to tell me something about your failure to appear this is your opportunity. Is there anything you want to say?

THE DEFENDANT: No, sir.

THE COURT: I respect that decision.

Mr. Edwards, I find you are in contempt of court. I sentence you to five months 29 days flat.

In Brinson the proceedings contained the following:

As we find that the appellants were not furnished notice that they were facing contempt proceedings and sanctions, we vacate the findings of contempt and the sentences in each case.

Appellants also argue that the evidence in each case was insufficient to support a finding of contempt and that the "flat" sentences are illegal in that they do not contain a minimum sentence as well as a maximum. In view of our disposition, we do not reach these issues except to comment that on the legality of sentence contention, we note an apparent conflict between our cases. *Compare Commonwealth v. Cain,* 432 Pa.Super. 47, 637 A.2d 656 (1994) *and Wagner v. Wagner,* 387 Pa.Super. 246, 564 A.2d 162 (1989).

Conviction for contempt and sentences vacated.

MONTEMURO, Judge, filed a Dissenting Statement.

MONTEMURO, Judge, dissenting:

Because I find that the defendants in this matter waived their right to raise the issue of notice, I would affirm the judgments of sentence.

THE PROSECUTOR: Your Honor, there was a failure to appear on February 29, 1996. There's no explanation that's been offered for that. It's willful. I would ask you find the defendant in contempt.

DEFENSE COUNSEL: Your Honor, there's no proof beyond a reasonable doubt of my client's intent.

THE COURT: That's what I'm doing.

DEFENSE COUNSEL: Your Honor, clearly there's no evidence beyond a reasonable doubt to support a finding of willful contempt.

THE COURT: Mr. Glover, you have the absolute right to speak on your own behalf. You do not have to say anything. If you choose to remain silent that decision will not be held against you. But if you want to tell me something this is your opportunity. Is there anything you want to say?

THE DEFENDANT: I remain silent.

THE COURT: I respect that decision. I do find you are in contempt. I sentence you to five months 29 days flat . . .