**In re Petition and Order to have Patricia A. BURKE Submit to a Handwriting Exemplar.**

**Appeal of Patricia Burke, Appellant.**

**Commonwealth of Pennsylvania, Party.**

Superior Court of Pennsylvania.

Submitted Aug. 16, 1999.

Filed Nov. 15, 1999.

Patricia Burke, appellant pro se.

John J. Notarianni, Asst. Dist. Atty., Dunmore, for Com. participating party.

Before CAVANAUGH, LALLY–GREEN and BROSKY, JJ.

CAVANAUGH, J.:

¶ 1   This appeal is from an order requiring appellant to submit a handwriting exemplar to the Commonwealth. We find the court acted beyond its authority and, therefore, reverse.

¶ 2   The certified record shows that the Commonwealth filed a petition for handwriting exemplar on December 4, 1998. It alleged that since March, 1998, state senator Robert Mellow was in receipt of periodic correspondence sent by mail to his home. The Commonwealth determined the correspondence to be harassment by communication with the senator and his family. The appellant was alleged to be a potential suspect based upon similar acts in the past and upon the opinion of a handwriting expert who determined that appellant could not be ruled out as the source of the correspondence in question. By order dated December 3, 1998[sic] the Honorable Carmen Minora granted the petition and ordered appellant to submit a handwriting exemplar within ten days.

¶ 3   A second petition for handwriting exemplar was filed by the Commonwealth on February 18, 1999. It alleged that the Commonwealth did not follow up to obtain an exemplar from appellant pursuant to the December 3, 1998, order because another handwriting sample of appellant was submitted to the handwriting expert. The expert is alleged to have concluded that the letters sent to the senator were similar to the recent sample provided to him. By order dated February 17, 1999, and filed on February 18, 1999, the Honorable Carmen Minora ordered appellant to submit a handwriting exemplar within ten days.

¶ 4   Appellant filed a notice of appeal to the state Supreme Court on February 26, 1999. By correspondence dated March 5, 1999, the prothonotary's office of the Supreme Court transferred the matter to this court for review and consideration pursuant to Pa.R.A.P. 751.

¶ 5   Representing herself *pro se,* appellant challenges the procedure pursuant to which the order for handwriting exemplar issued. She argues that the order is in violation of her constitutional rights to due process and equal protection since she has not been charged with a crime and did not receive a notice to defend or have the assistance of counsel.

¶ 6   On appeal, the Commonwealth argues that this court is without jurisdiction because the order is interlocutory. In support of this proposition it cites the opinion of this court *In Re Handwriting Exemplar of Casale,* 338 Pa.Super. 111, 487 A.2d 877 (1985). In *Casale,* we held that an appeal from an order issued by a court of common pleas for submission of a handwriting exemplar where there was no pending criminal complaint or grand jury proceeding was interlocutory in nature. Quashal of the appeal was ordered without consideration of the merits.

¶ 7   On appeal by allowance, the Supreme Court treated the merits of the issue and held that a court of common pleas lacks the power to order submission of a handwriting exemplar absent institution of formal criminal proceedings or the convening of an investigating grand jury proceeding. *In re Handwriting Exemplar of Casale,* 512 Pa. 548, 517 A.2d 1260 (1986). The Supreme Court did not discuss the holding of the Superior Court requiring quashal of the appeal on the basis of the order's being interlocutory; the order of the Superior Court was reversed without mention of the jurisdictional issue upon which the decision was based. We interpret the Supreme Court's order of reversal in *Casale* to render the entire opinion of the Superior Court reversed and of no precedential value. Since this matter has been the subject of transfer from the Supreme Court to this court, we find that this court has jurisdiction to decide the merits of the issues raised. Were this court to decline to exercise jurisdiction, a meritorious issue would be rendered unreviewable as a matter of right on appeal since the Supreme Court has already determined the appeal is not within its exclusive jurisdiction over direct appeals from courts of common pleas, 42 Pa.C.S.A. § 722(7).

¶ 8   In *Casale,* the Supreme Court expressed its condemnation of a procedure which requires submission of a handwriting exemplar where the jurisdiction of the common pleas court has not been invoked in accordance with the rules of criminal procedure. The court stated, "Thus, both federal and Pennsylvania cases require either the institution of regular criminal proceedings before an order for a handwriting exemplar may issue or the authority and control of an investigating grand jury if a district attorney undertakes to obtain such evidence by legal compulsion before filing a complaint." *Id.,* at 557, 517 A.2d at 1264.

¶ 9   The record on appeal does not support a finding that either regular criminal proceedings have been commenced or that a grand jury has been convened. Rather, the district attorney has filed an independent motion attempting to force appellant to create evidence of a crime without pro-

viding appellant minimal notice of the nature and cause of the accusation against her. This specific practice, having been disapproved by the Supreme Court, requires reversal. *See also Commonwealth v. Edwards*, 703 A.2d 1058 (Pa.Super.1997) (defendant entitled to reasonable notice and an opportunity to prepare a defense to criminal contempt charges).

¶ 10  Order reversed.