J-S69001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KENNETH R. JACKSON | |
| Appellant | No. 176 EDA 2013 |

Appeal from the Judgment of Sentence January 7, 2013
In the Municipal Court of Philadelphia County
Criminal Division at No(s): MC-51-MD-0000109-2013

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED DECEMBER 11, 2014**

Appellant, Kenneth R. Jackson, appeals from the judgment of sentence entered in the Philadelphia County Municipal Court, following his conviction for the summary offense of criminal contempt at 42 Pa.C.S.A. § 4132.[1] We reverse.

The relevant facts and procedural history of this appeal are as follows. On January 7, 2013, the Commonwealth moved for a finding of contempt against Appellant, because he failed to appear on two prior court dates. That same day, the Municipal Court conducted a hearing on the matter.

---

[1] A defendant can appeal from a Municipal Court contempt order directly to this Court as of matter of right. **See** 42 Pa.C.S.A. § 1123(a.1) (stating "There shall be a right to appeal to the Superior Court of a contempt citation issued by a municipal court judge, but the appeal shall be limited to a review of the record").

Immediately following the hearing, the court convicted Appellant of summary contempt, pursuant to Section 4132(2).[2] The court also sentenced Appellant to five (5) to ten (10) days' imprisonment, with immediate parole after five (5) days.

Appellant timely filed a notice of appeal on January 9, 2013. On May 8, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on May 15, 2014.

Appellant now raises two issues for our review:

> WHETHER THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT WHERE THERE WAS INSUFFICIENT EVIDENCE OF RECORD TO ESTABLISH THAT APPELLANT WILLFULLY FAILED TO APPEAR IN COURT.
>
> WHETHER THE TRIAL COURT ERRED IN OPINING THAT APPELLANT FAILED TO PRESERVE ISSUES RAISED ON APPEAL.

(Appellant's Brief at 4).

---

[2] "Direct contempt is obstruction by conduct, word or deed in the presence of the court and is a summary offense." **Commonwealth v. Brown**, 622 A.2d 946, 948 (Pa.Super. 1993). "A charge of indirect criminal contempt consists of a claim that a violation of an order or decree of court occurred **outside the presence of the court**." **Commonwealth v. Haigh**, 874 A.2d 1174, 1176 (Pa.Super. 2005), *appeal denied*, 585 Pa. 686, 887 A.2d 1240 (2005) (emphasis in original). Here, the court did not announce whether it had found Appellant in direct or indirect criminal contempt. We note, however, this Court has held that the failure to appear in court, as required by previous court proceedings, can be considered an act of direct criminal contempt. **See Commonwealth v. Edwards**, 703 A.2d 1058 (Pa.Super. 1997).

"[W]hen reviewing a contempt conviction, much reliance is given to the discretion of the trial judge. Accordingly, we are confined to a determination of whether the facts support the trial court decision." **Commonwealth v. Kolansky**, 800 A.2d 937, 939 (Pa.Super. 2002) (quoting **Williams v. Williams**, 681 A.2d 181, 183 (Pa.Super. 1996), *aff'd*, 554 Pa. 465, 721 A.2d 1072 (1998)). "We will reverse a trial court's determination only when there has been a plain abuse of discretion." **Kolansky, supra** at 939. "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Griffiths**, 15 A.3d 73, 76 (Pa.Super. 2010) (quoting **Commonwealth v. Dent**, 837 A.2d 571, 577 (Pa.Super. 2003), *appeal denied*, 581 Pa. 671, 863 A.2d 1143 (2004)).

On appeal, Appellant acknowledges the court based its contempt finding on Section 4132(2), which punishes disobedience or neglect by a party to the lawful process of the court. To warrant a contempt finding under Section 4132(2), Appellant contends the evidence must establish his failure to appear **and** the court's issuance of an order mandating his appearance. Appellant insists the evidence from the contempt hearing did not establish the issuance of an order commanding his appearance. To the extent the Commonwealth submitted certain police records memorializing

- 3 -

Appellant's failure to appear, Appellant "fails to see how a police report could possibly serve to establish a lawfully issued process of the court…." (Appellant's Brief at 9). Absent more, Appellant insists there is no proof of a willful failure to appear for the court proceedings at issue. Appellant concludes the evidence was insufficient to support the contempt conviction.[3] We agree.

When examining a challenge to the sufficiency of the evidence, our standard of review is:

> [W]hether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact

---

[3] Although the court opined that Appellant failed to preserve his claim regarding the sufficiency of the evidence, the record belies the court's opinion. Specifically, Appellant raised the claim in his Rule 1925(b) statement. On this record, Appellant preserved his claim for appellate review. *See Commonwealth v. McCurdy*, 943 A.2d 299 (Pa.Super. 2008) (explaining Pa.R.Crim.P. 606(A)(7) expressly allows challenge to sufficiency of evidence made on appeal).

while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting *Commonwealth v. Jones*, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

A court's power to impose a summary punishment for contempt is set forth in Section 4132 as follows:

> **§ 4132. Attachment and summary punishment for contempts**
>
> The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:
>
> (1) The official misconduct of the officers of such courts respectively.
>
> (2) **Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.**
>
> (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4132 (emphasis added).

A finding of contempt pursuant to Section 4132(2) must be supported by the following elements:

> (1) The [court's] order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;

(2)      The contemnor must have had notice of the specific order or decree;

(3)      The act constituting the violation must have been volitional; and

(4)      The contemnor must have acted with wrongful intent.

Further, unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven.  Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt.

*In re C.W.*, 960 A.2d 458, 467 (Pa.Super. 2008) (quoting *Kolansky, supra* at 940).

Instantly, the contempt hearing consisted of the following exchange between the parties:

[COMMONWEALTH]:      Commonwealth      asks      for contempt.  Commonwealth marks as C-1 the arrest files showing FTA 1/5/10 as well as a prior FTA, asks that C-1 be moved into evidence.[4]

[DEFENSE COUNSEL]:      Judge, this is a ten-year-old case and my client tells me that he had gone to traffic court and received his car back and was understanding the whole thing (inaudible—due to static).  It was not a willful failure to appear.

I asked that you not hold him in contempt.

THE COURT:                All right.    I find him in contempt.  He's in for a five or ten day period.  Parole after

_____

[4] Although the Commonwealth submitted the arrest files, the court did not expressly admit the files into evidence.  Moreover, the files are not part of the certified record on appeal.

five days. Please advise.

(**See** N.T. Contempt Hearing at 4-5.) Significantly, the Commonwealth offered no additional evidence to provide context for Appellant's failures to appear. The remainder of the certified record on appeal is also devoid of any explanation of the circumstances leading to the contempt hearing.

Here, the record contains no evidence of a definite, clear, or specific order or decree requiring Appellant to appear at the unidentified court proceedings. **See In re C.W., supra**. Absent more, the evidence actually presented failed to demonstrate that Appellant was intentionally disobedient. **Id.** Thus, the evidence was insufficient to support a finding of criminal contempt under Section 4132(2). **See Hansley, supra**. Accordingly, we reverse the judgment of sentence.

Judgment of sentence reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2014