J-A29009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN REDDRUM | : | |
| | : | |
| Appellant | : | No. 324 EDA 2016 |

Appeal from the Judgment of Sentence December 31, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-MD-0001148-2015

BEFORE: LAZARUS, J., PLATT*, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.: **FILED NOVEMBER 16, 2017**

John Reddrum appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after he was found guilty of direct criminal contempt[1] for failure to appear in court. After careful review, we affirm.

On December 31, 2015, the parties appeared in court for a contempt hearing. At the hearing, the Commonwealth moved into the record the Quarter Sessions file concerning Reddrum's failure to appear in court on November 25, 2015, and two previous contempt convictions for Reddrum's failure to appear in other cases in March and April 2013. Specifically, the Commonwealth read the information from the file from a computer screen without actually having a physical copy of the Quarter Sessions file in its

_____

[1] 42 Pa.C.S.A. § 4132(2) ("Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the Court.").

_____

* Retired Senior Judge assigned to the Superior Court.

possession. The information from the file also indicated that Reddrum had an extensive prior history and had just been arrested on a new charge. N.T. Contempt Hearing, 12/31/15, at 3. Although Reddrum objected to admission of the quarter sessions file on the bases of it being hearsay and lacking foundation, the trial judge overruled the objection. *Id.* at 4-5. Subsequently, the Commonwealth moved for admission of Reddrum's two prior contempt convictions as prior bad acts, pursuant to Pa.R.E. 404(b). *Id.* at 5. The court granted the Commonwealth's motion.

On December 31, 2015, the trial court found Reddrum in direct criminal contempt under section 4132(2) (disobedience or neglect of officers, etc.)[2] and sentenced him to 40-80 days' incarceration, with immediate parole after serving 40 days. On January 21, 2016, Reddrum filed a timely notice of

---

[2] The statutory basis for contempt is found in 42 Pa.C.S. § 4132, which states:

> The power of the several courts of this Commonwealth to issue attachments and to **impose summary punishments** for contempts of court shall be restricted to the following cases:
>
>     (1) The official misconduct of the officers of such courts respectively.
>
>     **(2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.**
>
>     (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

42 Pa.C.S.A. § 4132 (emphasis added).

appeal.[3]    On appeal, Reddrum presents the following issue for our consideration:

> Was not the evidence legally insufficient to establish a direct criminal contempt under 42 Pa.C.S. § 4132 where the lower court erred and abused its discretion by overruling counsel's objections, and allowing into the record:  (1) evidence read from a computer screen; (2) hearsay offered for the truth of the matter; and (3) evidence of [Reddrum's] prior convictions and/or bench warrants, and where the Commonwealth failed to prove that [Reddrum] acted with the necessary *mens rea*?

In ***Commonwealth v. Jackson***, 532 A.2d 28 (Pa. Super. 1987), our Court set forth the standard of review of a trial court's contempt order:

> In considering an appeal from a contempt order, we place great reliance on the discretion of the trial judge. Each court is the exclusive judge of contempts against its process, and on appeal its actions will be reversed only when a plain abuse of discretion occurs. In cases of direct criminal contempt, that is, where the contumacious act is committed in the presence of the court and disrupts the administration of justice, an appellate court is confined to an examination of the record to determine if the facts support the trial court's decision.

***Id.*** at 31-32 (internal citations omitted).

---

[3] Reddrum filed his notice of appeal on January 21, 2016, following the trial court's December 31, 2015 judgment of sentence.  However, because defense counsel never filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, the trial court found all issues waived in its Rule 1925(a) opinion.  Concluding that Reddrum never received the trial court's original Rule 1925(b) order, our Court vacated the briefing schedule and remanded the matter to the trial court to permit Reddrum to file a Rule 1925(b) statement and for the trial judge to file a supplemental Rule 1925(a) opinion.  ***See*** Order, 8/28/16.

Courts have the power to summarily punish those before them of criminal contempt of court; however, this power is extended only to those situations where the threat is to the orderly procedure of the court and such flagrant defiance of the person and presence of the judge before the public that if not instantly suppressed and punished, demoralization of the court's authority will follow. *Commonwealth v. Martorano*, 563 A.2d 1193 (Pa. Super. 1989). Criminal contempt is a crime punishable by imprisonment or fine; sentences of imprisonment for contempt must be imposed according to the Sentencing Code, 42 Pa.C.S.A. § 9701. *Commonwealth v. Falkenhan*, 452 A.2d 750, 757 (Pa. Super. 1982) (citation omitted).

Contempt under § 4132(2) can be sustained only if the following four elements are present:

> (1) The court's order or decree must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
> (2) The contemnor must have had notice of the specific order or decree;
>
> (3) The act constituting the violation must have been volitional; and
>
> (4**) The contemnor must have acted with wrongful intent.**
>
> > Further, **unless the evidence establishes an intentional disobedience or an intentional neglect of the lawful process of the court, no contempt has been proven**. Moreover, a conviction for criminal contempt requires proof beyond a reasonable doubt.

*Commonwealth v. Kolansky*, 800 A.2d 937, 940 (Pa. Super. 2002) (emphasis added) (quotation, quotation marks, and citations omitted). *See*

*Commonwealth v. Marcone*, 410 A.2d 759 (Pa. 1980) (direct criminal contempt consists of misconduct of person in presence of court, or disobedience to or neglect of lawful process of court, or misbehavior so near thereto as to interfere with immediate business of court).

Reddrum first contends that the trial court impermissibly permitted the Commonwealth to read into the record, from a computer screen, the Quarter Sessions file. He asserts such evidence is inadmissible hearsay and should have been excluded from his contempt hearing. We disagree.

While Reddrum objected to the admission of the file on hearsay grounds, we note that pursuant to Pennsylvania Rule of Evidence 201(b), a court may take judicial notice "of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.E. 201(b). Here, Reddrum did not contest the accuracy of the relevant entries in the Quarter Sessions file, i.e., he did not claim that he was in fact present for court on November 25, 2015, or in March 2013 and April 2013. *See Commonwealth v. Byrd*, 472 A.2d 1141, 1145 (Pa. Super. 1984) ("[a] court may properly take judicial notice of **uncontested notations** in the court record.") (emphasis added). Therefore, the court did not abuse its discretion in overruling Reddrum's hearsay objection and admitting the evidence.

Reddrum also argues that the evidence is insufficient to find him guilty of direct criminal contempt because his drug addiction precluded him from forming the wrongful intent necessary to prove a section 4132(2) violation.[4]

In conducting a sufficiency of the evidence review, we view all of the evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. **Commonwealth v. Watley**, 81 A.3d 108, 113 (Pa. Super. 2013) (en banc). When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. **Id.** In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and

---

[4] At the contempt hearing, defense counsel cited to **Kolansky**, **supra**, to support his argument that Reddrum did not have the requisite intent to be guilty of criminal contempt under section 4132(2). In **Kolansky**, the trial court fined the appellant, who was an attorney, and held him to be in direct criminal contempt for requesting a second trial continuance. The trial judge noted that the case was scheduled for trial on that date and counsel should have been prepared for trial. On appeal, our Court reversed appellant's judgment of sentence finding that appellant was not disobedient or neglectful beyond a reasonable doubt where he contended that he was not ready to proceed in a case because he had not yet secured expert witnesses and where his workload was unusually large due to a complex civil trial. Our Court further noted that appellant had made efforts to notify the trial court in advance that he would not be able to proceed with the case on the day originally scheduled for trial, sent a letter to the court requesting a continuance, and filed a second continuance motion advising the trial judge that he was still awaiting discovery that could include potentially exculpatory evidence for his client. These facts are inapposite to those presented in the instant case where Reddrum intentionally failed to appear for trial in November due to his alleged drug addiction.

inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. ***Id.*** This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." ***Id.***

It is well established that "[t]here is no contempt unless there is some sort of wrongful intent." ***Commonwealth v. Giordano***, 386 A.2d 83, 85 (Pa. Super. 1978) (citations omitted). A degree of intentional wrongdoing is an element of the offense of criminal contempt. ***Id.*** Willfulness is an element of criminal contempt and must be proved beyond a reasonable doubt. ***Id.***

Here, the trial court found that Reddrum's admitted drug addiction "standing alone" did not make his failure to appear for the November court proceeding any less willful. Trial Court Opinion, 12/22/16, at 7. Reddrum testified that his drug problem has kept him from coming to court. N.T. Contempt Hearing 12/31/15, at 8. Simply put, Reddrum was aware of the obligation and purposely failed to meet the commitment. ***Marcone***, ***supra***. Under such circumstances where a party knowingly and intentionally violates a court order, a finding of contempt properly issues under section 4132(2). ***See Commonwealth v. Edward***, 703 A.2d 1058, 1060 (Pa. Super. 1997) (under 42 Pa.C.S. § 4132, "failure to appear in court pursuant to previous

court process" is "an act of direct criminal contempt when the person is finally brought to court.").[5]

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

Date: <u>11/16/2017</u>

---

[5] To the extent that Reddrum contests that his prior contempt convictions are inadmissible prior bad act evidence, we note that we have already found such evidence admissible under Rule 201. Moreover, evidence of Reddrum's failure to appear in November sufficiently proves contempt under section 4132(2).