J-S40003-18

2018 PA Super 247

| IN THE INTEREST OF E.O., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| APPEAL OF: A.O., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2641 EDA 2017 |

Appeal from the Order Entered August 3, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-DP-0000127-2017

| IN THE INTEREST OF: B.O., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.O., FATHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2643 EDA 2017 |

Appeal from the Order Entered August 3, 2017
In the Court of Common Pleas of Philadelphia County Family Court at
No(s): CP-51-DP-0000228-2017

BEFORE: LAZARUS, J., DUBOW, J., and PLATT*, J.

OPINION BY LAZARUS, J.: **FILED SEPTEMBER 05, 2018**

A.O. (Father) appeals from the orders, entered in the Court of Common

Pleas of Philadelphia County, finding him in contempt[1] for violating a visitation

---

[1] When reviewing a contempt conviction, much deference is given to the discretion of the trial judge. Accordingly, we are confined to a determination of whether the facts support the trial court's decision. ***Commonwealth v. Pruitt***, 764 A.2d 569, 574 (Pa. Super. 2000).

---

* Retired Senior Judge assigned to the Superior Court.

order in an underlying dependency proceeding and ordering him to serve seven days of incarceration. After careful review, we vacate and remand for further proceedings.

At a January 2017[2] shelter care hearing, legal custody of Father's minor children, E.O. and B.O. (Children), was transferred to the Philadelphia Department of Human Services (DHS); Children were placed in a foster home. In February 2017, Children were adjudicated dependent; the trial court ordered Father have weekly, supervised, line-of-hearing visits with Children, at Children's discretion, at the Community Umbrella Agency (Agency).[3] At an August 3, 2017 permanency review hearing, the trial court found Father in contempt for violating the visitation order after Children told their assigned social worker that Father calls them on the telephone ten times a day and was meeting with them after court appearances.[4] At the conclusion of the hearing, the court ordered Father to immediately serve seven days of incarceration for

---

[2] In October 2016, DHS received a report alleging that Children's sibling was being emotionally abused by Mother. **See** Dependency Petition, 2/2/17. There were also reports of a history of verbal and physical domestic abuse between Mother and Father and that Father verbally abused Children's older sibling.

[3] The permanency order also stated that visitation could be modified by agreement of the parties, parents were to confirm their visits 24 hours in advance, and, if parents failed to confirm visits within that time frame, they were not to occur. Permanency Review Order, 2/7/17, at 2. Finally, the order referred both Mother and Father for counseling and evaluations. **Id.**

[4] **See** N.T. Permanency Hearing, 8/3/17, at 11-15.

contempt.[5]  The court ordered both parents to continue with supervised visits at the Agency, at the sole discretion of Children.  On August 10, 2017, the court held a hearing, stating that the "case was brought back today only to release Father from incarceration at CFCF.  Father was held in contempt in violation of court order at the last hearing on 8/3/2017."

Father filed a timely notice of appeal from the court's contempt order and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors raised on appeal.[6]  He raises the following issues for our consideration:

(1)    Whether the trial court erred by finding Father in criminal contempt, rather than civil contempt.

(2)    Whether the trial court erred by sentencing Father for direct criminal contempt rather than indirect criminal contempt.

(3)    Whether the trial court erred by failing to provide Father with all necessary [c]onstitutional protections and safeguards required for criminal defendants.

_____

[5] Specifically, the permanency order states:

THE COURT FURTHER FINDS Parents had unauthorized contact with Child.

*      *      *

Father to be held in contempt, on State Road for 7 days due to violating court order.

Permanency Review Order, 8/3/17, at 1.

[6] In his Rule 1925(b) statement, Father states that he did not have "inappropriate contact with any of [his] children," that he did not violate the visitation order by calling Children, that he did not call Children ten times per day as alleged, and that "[t]he court may have mistaken [him] for [Mother]." *See* Father's Pa.R.A.P. 1925(b) Statement, 8/14/17.

> (4)     Whether the trial court erred by failing to establish Father's guilt beyond a reasonable doubt.
>
> (5)     Whether the trial court erred by failing to sentence Father in accordance with the Pennsylvania Rules of Criminal Procedure.

Appellant's Brief, at 7.

> Contempt of court may be classified as civil or criminal in nature. The distinction between the two categories lies in the purpose behind the court's finding of contempt.  If the dominant purpose of the court is to prospectively coerce the contemnor into compliance with the court's directive, the adjudication is one of civil contempt. However, **if the court's dominant purpose is to punish the contemnor for disobedience of the court's order, the adjudication is one of criminal contempt.**

*In the Interest of C.W.*, 960 A.2d 458, 466 (Pa. Super. 2008) (emphasis added), citing *Pruitt*, *supra* at 573.

Criminal contempt may be classified as either direct or indirect.  "A direct criminal contempt consists of misconduct of a person in the presence of the court, or disobedience to or neglect of the lawful process of the court, or misbehavior so near thereto as to interfere with the immediate business of the court."  *Fenstamaker v. Fenstamaker*, 487 A.2d 11, 14 (Pa. Super. 1985) (citation omitted); *Commonwealth v. Marcone*, 410 A.2d 759, 762 (Pa. 1980).  "A charge of indirect criminal contempt consists of a claim that a violation of an order or decree of court occurred outside the presence of the court."  *Commonwealth v. Ashton*, 824 A.2d 1198, 1203 (Pa. Super. 2003) (citation omitted).  Criminal contempt is a crime punishable by imprisonment or fine; sentences of imprisonment for contempt must be imposed according to the Sentencing Code, 42 Pa.C.S.A. § 9701.  *Commonwealth v.*

*Falkenhan*, 452 A.2d 750, 757 (Pa. Super. 1982) (citation omitted). Moreover, in cases where one is accused of criminal contempt, whether direct or indirect, the accused is entitled to certain procedural safeguards.

To establish a claim of indirect criminal contempt, the evidence must be sufficient to establish the following four elements:

> (1) the order in question must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited; (2) the contemnor must have had notice of the specific order or decree; (3) the act constituting the violation must have been volitional; and (4) the contemnor must have acted with wrongful intent.

*Ashton*, 824 A.2d at 1203 (citation omitted). The Pennsylvania Supreme Court has emphasized that the order underlying a finding of indirect criminal contempt must limit the alleged contemnor's conduct in a clear and definite manner. *Id.* Moreover, pursuant to 42 Pa.C.S. § 4133, except as otherwise provided by statute, "the punishment of commitment for contempt provided in section 4132 . . . shall extend only to contempts committed in open court. **All other contempts shall be punishable by fine only**." 42 Pa.C.S. § 4133 (emphasis added).

Here, the trial court's order constituted a finding of criminal[7] contempt where the visitation order set forth specific conditions surrounding Father's

---

[7] The characteristic that distinguishes civil from criminal contempt is the ability of the contemnor to purge himself of contempt by complying with the court's directive. If he is given an opportunity to purge himself before imposition of punishment, the contempt order is civil in nature. *Sinaiko v. Sinaiko*, 664

- 5 -

visitation rights with Children, he allegedly violated these conditions by calling Children on the phone daily and meeting with them after court proceedings, and the court specifically stated that "it expect[s] that [its] court order will be abided by." N.T. Permanency Hearing, 8/3/17, at 22 ("that's defiance of my court order"); *see Commonwealth v. Griffiths*, 15 A.3d 73, 77 (Pa. Super 2010) ("If the dominant purpose is to vindicate the dignity and authority of the court and to protect the interest of the general public, it is a proceeding for criminal contempt.") (citation omitted); *see also Cipolla v. Cipolla*, 398 A.2d 1053 (Pa 1979) (if contempt consists solely of past act, only allowable judicial response is punitive, and any contempt adjudication must be criminal). While Father's conduct may have amounted to criminal contempt where the trial court clearly sought to vindicate its authority and to punish Father for his alleged misconduct, Father's contemptuous conduct did not occur in open court, nor did his misbehavior occur "so near thereto as to interfere with the immediate business of the court." *Fenstamaker*, *supra*. Thus, his conduct is classified as *indirect* criminal contempt. *Compare Commonwealth v. Baker*, 766 A.2d 328 (Pa. 2001) (charge of indirect criminal contempt consists of claim that violation of court order or decree occurred outside presence of

_____

A.2d 1005, 1009 (Pa. Super. 1995) (citation omitted). If the purpose of the order is to punish despite an opportunity to purge, the order is criminal in nature. *Id.* Here, the court clearly imposed criminal, not civil contempt upon Father by immediately incarcerating him for violating a visitation order and not giving him an opportunity to purge.

court) *with Knaus v. Knaus*, 127 A.2d 669, 671 (Pa. 1956) (direct contempt occurs either in presence of court or "so near thereto to interfere with its immediate business.").

Where one is accused of indirect criminal contempt, he shall enjoy the right to be notified of the accusation and time to prepare a defense. *See Cipolla*, 398 A.2d at 1056; *see also In re Martorano*, 346 A.2d 22 (Pa. 1975) (accused in criminal contempt proceeding entitled to essential procedural safeguards attendant to criminal proceedings generally). Moreover, an individual may only be found guilty if the order underlying the finding of indirect criminal contempt limited his conduct "in a clear and definite manner." *Ashton*, *supra*. Here, the visitation order permitted Father to have weekly, supervised, line-of-hearing visits with Children at the Agency, at Children's discretion, and also permitted modification of visitation by agreement of the parties.

Father instantly denied calling Children ten times a day[8] and also claimed he never had unauthorized meetings with Children after court proceedings. N.T. Permanency Review Hearing, 8/3/17, at 23-25. Although the trial judge deemed Father not credible and found him to be manipulative, it did not provide Father with any of the required procedural safeguards

---

[8] Notably, the permanency order does not mention whether Father was permitted to contact Children via telephone or whether he was restricted from communicating with them other than during supervised visitation.

attached to indirect criminal contempt matters. Moreover, pursuant to section 4133, the trial court was only permitted to fine Father, not incarcerate him. *See Commonwealth v. Marcone*, 410 A.2d 759 (Pa.1980) (restricting incarceration to direct contempts).[9]  Because the trial court clearly failed to understand the nature of the proceedings, imposed an unauthorized sentence of imprisonment and, concomitantly, failed to accord Father the procedural safeguards he was due, we must vacate. *Pruitt*, *supra*.

Order vacated. Jurisdiction relinquished.

Judge Platt joins this Opinion.

Judge Dubow did not participate in the consideration or decision of this case.

_____

[9] In *Commonwealth v. McMullen* 961 A.2d 842 (Pa. 2008), the Supreme Court held 42 Pa.C.S.A. § 4136 (statute for indirect criminal contempt proceedings involving restraining order or injunction) unconstitutional, recognizing that the right to a jury trial is procedural, that the Pennsylvania Constitution only provides for a jury trial when a criminal defendant faces a term of imprisonment exceeding six months, and that courts have authority to punish individuals in violation of their orders. The *McMullen* Court, however, specifically limited its holding to subsection 4136, stating "[w]e recognize there is other statutory law concerning contempt in Title 42, *see* 42 Pa.C.S. §[§] 4132-39; however, only § 4136 is at issue in this case." *Id.* at 856 n.6. We realize that section 4133 proscribes a court's power to imprison an individual found guilty of indirect criminal contempt. However, since the constitutionality of section 4133 is not before us today, unless and until the Supreme Court holds otherwise, that subsection is still valid.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/5/18