J-S18040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ARTHUR BECK | : | |
| | : | |
| Appellant | : | No. 958 EDA 2019 |

Appeal from the Judgment of Sentence Entered March 8, 2019
In the Municipal Court of Philadelphia County Criminal Division at No(s):
MC-51-MD-0000059-2019

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 18, 2021**

Appellant, Arthur Beck, appeals from the judgment of sentence imposed

by the Honorable James Murray Lynn of the Municipal Court of Philadelphia

County, Criminal Division ("trial court") following his conviction of criminal

contempt.[1] After careful review, we vacate the contempt conviction.[2]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 4132. Appellant's appeal directly from the Municipal Court is properly before this Court. **See** 42 Pa.C.S. § 1123(a.1) ("There shall be a right to appeal to the Superior Court of a contempt citation issued by a municipal court judge, but the appeal shall be limited to a review of the record."). Judge Lynn is a judge in the Court of Common Pleas of Philadelphia County but was sitting by designation in the Municipal Court for this matter.

[2] On July 30, 2021, this Court filed a memorandum decision remanding to the trial court to resolve issues apparent in the record concerning Appellant's representation, his intent to pursue this appeal, and his *in forma pauperis* status. On August 4, 2021, the trial court held a hearing at which it was determined that Appellant wished to continue the appeal with the Defender Association of Philadelphia as counsel and that he retained his *in forma*
(Footnote Continued Next Page)

On April 20, 2018, Appellant entered into a negotiated guilty plea in Municipal Court on the charges of driving under the influence ("DUI") and possession of drug paraphernalia.[3] This case was docketed at MC-51-CR-0007318-2017. On June 21, 2018, Judge Lynn sentenced Appellant in accordance with his plea to 72 hours to 6 months of incarceration on the DUI charge with a consecutive 12 months of probation on the paraphernalia charge. In the sentencing order, Appellant was directed to surrender on July 20, 2018 in courtroom 506 of the Philadelphia Criminal Justice Center to begin serving his sentence. As Appellant was given credit for time served of 48 hours, he had only 24 hours remaining to serve on his sentence.

Appellant did not surrender on the appointed date, and a bench warrant was issued. On or about March 5, 2019, Appellant was stopped for a motor vehicle violation and arrested on the bench warrant. On March 7, 2019, a Municipal Court judge issued a notice of a bench warrant hearing to be held the following day before Judge Lynn. At the March 8th hearing, Judge Lynn questioned Appellant why he did not turn himself in on July 20, 2018, and Appellant explained that he could not begin serving his sentence on the appointed date as he was caring for his daughter who had recently had ear surgery. N.T., 3/8/19, at 5. However, Appellant admitted to the court that when advised by his public defender that they could not simply reschedule the

_____

*pauperis* status. As the issues raised in our prior memorandum have been resolved, we proceed to the merits of Appellant's appeal.

[3] 75 Pa.C.S. § 3802(a)(2) and 35 P.S. § 780-113(a)(32), respectively.

surrender date and he would have to turn himself in, he did not do so out of his "own stupidity." *Id.*

At the conclusion of the hearing, the trial court sentenced Appellant to serve the remainder of his DUI sentence, found Appellant in contempt of court based upon his failure to surrender, and imposed a consecutive sentence of 2 months and 29 days to 5 months and 29 days on the contempt conviction. *Id.* at 7-8. On April 3, 2019, the Defender Association filed a notice of appeal in the contempt matter, which was separately docketed at MC-51-MD-0000059-2019.[4]

Appellant raises the following issue on appeal: "Were not Appellant's due process rights violated, most prominently his right to notice, by the trial court's *sua sponte* trial, conviction, and judgment of sentence for contempt?" Appellant's Brief at 3. Appellant argues that his constitutional due process rights were violated because the trial court convicted him of criminal contempt at the conclusion of a bench warrant hearing when he had no notice that he was also brought into court to appear on a contempt charge. While Appellant acknowledges that a trial court may summarily find an individual guilty of direct criminal contempt, he contends that there was no cause for such a conviction as he did not engage in misconduct in the presence of the trial court. Finally, Appellant argues that there was insufficient evidence to support

---

[4] Appellant filed his concise statement of matters complained of on appeal on September 16, 2019. On December 4, 2020, the trial court filed its Pa.R.A.P. 1925(a) opinion.

a conviction of indirect criminal contempt as there was no evidence presented that he acted with wrongful intent in failing to appear to serve his DUI sentence. *See In Interest of E.O.*, 195 A.3d 583, 587 (Pa. Super. 2018) (listing elements of indirect criminal contempt offense).

The Commonwealth argues that, to the extent Appellant puts forth a due process argument on appeal, this claim was waived as he failed to object at the time of his trial or in a post-sentence motion. Even if not waived, the Commonwealth contends that the record shows that Appellant did in fact receive actual notice from a different Municipal Court judge on March 7, 2019 that he would be appearing the following day before Judge Lynn to answer for his failure to surrender to serve the DUI sentence, the basis of the contempt conviction.

We first address Appellant's due process argument. "A trial court's finding of contempt will not be disturbed absent an abuse of discretion." *Commonwealth v. Moody*, 125 A.3d 1, 12 (Pa. 2015). "A question regarding whether a due process violation occurred is a question of law for which our standard of review is *de novo* and the scope of review is plenary." *Commonwealth v. Tejada*, 161 A.3d 313, 317 (Pa. Super. 2017) (citation omitted).

"While not capable of an exact definition, the basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case." *Commonwealth v. Turner*, 80 A.3d 754, 764

(Pa. 2013). In a criminal context, the United States and Pennsylvania Constitutions require that a criminal defendant be given notice of the crimes of which he is accused. U.S. Const. amend. VI, XIV; Pa. Const. art. 1, § 9; *see also Commonwealth v. Baldwin*, 8 A.3d 901, 903 (Pa. Super. 2010).

Criminal contempt is classified as either direct or indirect.[5] *E.O.*, 195 A.3d at 586. The principal distinction between direct and indirect contempt is whether it occurs in the presence of the court, and concomitantly what manner of proof is necessary to substantiate the offense. *Crozer-Chester Medical Center v. Moran*, 560 A.2d 133, 136 (Pa. 1989) (the conduct underlying indirect contempt "is not self-evident or self-accusatory as when one refuses in the court's presence to do a thing and proof of its commission is required"). As this Court has explained, "[a] charge of indirect criminal contempt consists of a claim that a violation of an order or decree of court occurred outside the presence of the court." *E.O.*, 195 A.3d at 586 (citation omitted); *see also Commonwealth v. Lambert*, 147 A.3d 1221, 1226 (Pa. Super. 2016). On the other hand, "direct criminal contempt consists of misconduct of a person in the presence of the court, or disobedience to or neglect of the lawful process of the court, or misbehavior so near thereto as to interfere with the immediate business of the court." *E.O.*, 195 A.3d at 586 (citation omitted).

---

[5] While not relevant here, we note that contempt may also be classified as civil in nature; civil contempt is imposed in an effort to coerce the contemnor to comply with a court directive. *E.O.*, 195 A.3d at 586, 587 n.7.

"Both direct and indirect criminal contempt trigger the essential procedural safeguards that attend criminal proceedings generally." *Commonwealth v. Ashton*, 824 A.2d 1198, 1203 (Pa. Super. 2003). However, a trial court has the inherent authority to dispense with the ordinary due process strictures and impose summary punishment for direct criminal contempt in certain cases where necessary to maintain courtroom authority. *Moody*, 125 A.3d at 8-13. Our Supreme Court explained in *Moody* that a trial court may summarily punish contumacious conduct only when such conduct occurs "in open court" or "in the face of the court" and constitutes "an open threat to the orderly procedure of the court" that will lead to the "demoralization of the court's authority" if not punished immediately. *Id.* at 8-9 (citation omitted); *see also Pounders v. Watson*, 521 U.S. 982, 988 (1997). "Only in such circumstances may a court subject a contemnor to punishment without the procedural protections otherwise accorded to the criminally accused." *Moody*, 125 A.3d at 9 (citation and brackets omitted); *see also Pounders*, 521 U.S. at 988.[6]

---

[6] The United States Supreme Court has stated:

[T]he summary contempt exception to the normal due process requirements, such as a hearing, counsel, and the opportunity to call witnesses, "includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent 'demoralization of the court's authority' before the public."

*(Footnote Continued Next Page)*

Here, it is readily apparent that the trial court "omit[ted] the usual steps" of a criminal trial and instead imposed summary punishment for direct criminal contempt. *Moody*, 125 A.3d at 8 (citation omitted). The March 8, 2019 hearing proceeded without any semblance of being a trial, and the Commonwealth did not present any evidence at the hearing. In imposing the contempt sentence, the trial court relied solely on Appellant's explanation of the reasons he failed to surrender to serve his DUI sentence, as well as statements by defense counsel and the court crier concerning the procedural history of the case. N.T., 3/8/19, at 3-7. While Appellant was represented by counsel at the hearing, he was not permitted to call witnesses in his defense or confront witnesses against him.

Most importantly, and central to Appellant's due process argument, Appellant was not informed that he was facing contempt charges up until the moment he was held in contempt. Rather, Appellant was only informed on March 7, 2019 that he was to appear at a bench warrant hearing on the following day. Furthermore, at the outset of the March 8, 2019 hearing, the district attorney merely announced to the court that "this is a DUI bench warrant hearing" and the word "contempt" was not uttered at the hearing until the trial court imposed its sentence. *Id.* at 3, 7. Therefore, Appellant did not knowingly and intelligently decide to testify at a contempt hearing, and his

_____

**Pounders**, 521 U.S. at 988 (quoting **In re Oliver**, 333 U.S. 257, 275, (1948)).

counsel had no opportunity to prepare or mount a defense to the contempt charge of which both counsel and client were unaware.

Therefore, Appellant was not afforded the ordinary process due a criminal defendant, including advance notice of the nature of the charges against him. While the trial court concluded in its Pa.R.A.P. 1925(a) opinion that "Appellant did receive adequate notice" as he was advised by a Municipal Court judge on March 7, 2019 that he would have a bench warrant hearing the following day, Trial Court Opinion, 12/4/20, at unnumbered page 2, we do not agree with the trial court's assessment that notice was adequate. Appellant was made aware the day prior to the March 8, 2019 hearing that he would have to answer for his failure to surrender for his DUI sentence, but he was not made cognizant of the fact that his criminal jeopardy extended beyond recommitment to serve his DUI sentence. Appellant was therefore deprived of "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." **Commonwealth v. Anthony**, 475 A.2d 1303, 1306 (Pa. 1984) (citation omitted); **see also Commonwealth v. Mayberry**, 327 A.2d 86, 93 (Pa. 1974) ("[T]he Constitution does require that a contemnor 'should have reasonable notice of the specific charges and opportunity to be heard in his own behalf.'") (citation omitted).

While it is clear that Appellant did not receive adequate notice that he faced contempt charges, the questions remain whether Appellant waived his due process objection by failing to object at the time punishment was imposed

and whether the trial court was authorized to dispense with the due process requirements and impose punishment for contempt summarily. As to the issue of waiver, Appellant directs our attention to **Commonwealth v. Edwards**, 703 A.2d 1058 (Pa. Super. 1997), and **Commonwealth v. Pruitt**, 764 A.2d 569 (Pa. Super. 2000).

In **Edwards**, two appellants were summoned to appear at court hearings, and bench warrants were issued upon their failure to appear. 703 A.2d at 1058, 1060. At the subsequent bench warrant hearings, the appellants were summarily convicted of contempt. **Id.** While this Court on appeal agreed that failure to appear in court could constitute direct criminal contempt, we nevertheless vacated the appellants' convictions for lack of notice. **Id.** at 1060-61. In doing so, we rejected the Commonwealth's argument that the appellants' due process claims were waived based upon their failure to object or request a continuance. **Id.** at 1060. We reasoned that the appellants had no opportunity to object as the bench warrant hearings were "perfunctory" and the appellants were convicted of contempt "without any adequate notice that [they] were being subjected to contempt proceedings." **Id.**

In **Pruitt**, the trial court found the appellant, a public defender, guilty of contempt and imposed a fine based upon his failure to provide notes of testimony in his possession to the prosecutor in the advance of a hearing, which necessitated a continuance. 764 A.2d at 571-73. This Court vacated the conviction, finding that the evidence was insufficient to support the

contempt conviction and that the trial court had failed "to ensure that certain procedural safeguards had been protected," specifically that the "contemnor be afforded notice of the contempt hearing so that he or she may present a defense." ***Id.*** at 576. We also rejected the trial court's contention that the appellant had "waived the [due process] claim because he did not object to the procedures employed by the court at the time":

> [W]e will not find waiver in this instance. Nowhere during the proceedings leading up to the court's imposition of a fine did the court mention that it considered [the a]ppellant's conduct to be contemptuous. Also, during the proceedings in question, the court did not specify the order that it now relies upon as the foundation for the contempt finding. Under these circumstances, [the a]ppellant could not have objected to the procedures used in the hearing as it was not apparent that the court was conducting a contempt hearing. There is no waiver.

***Id.*** at 576.

***Edmonds*** and ***Pruitt*** support a conclusion that Appellant did not waive his due process challenge to his contempt conviction. Appellant was notified in his DUI case that he was to appear at a bench warrant hearing on March 8, 2019, and every indication at the hearing was that the hearing solely pertained to the bench warrant. ***See*** N.T., 3/8/19, at 3 (prosecutor stating at outset of hearing "[y]our honor, this is a DUI bench warrant hearing"). Appellant then offered his explanation as to why he failed to turn himself in to serve the remainder of his DUI sentence, and only at the conclusion of the hearing when ordering Appellant to serve the remainder of his DUI sentence did the trial court also find him in contempt and impose an additional sentence. ***Id.*** at 7-

- 10 -

8. Just as in *Edmonds*, Appellant was given no notice, and therefore no opportunity to object, until after the conclusion of his "perfunctory" bench warrant hearing. 703 A.2d at 1060. Similarly, we find the language of *Pruitt* apt that "Appellant could not have objected to the procedures used in the hearing as it was not apparent that the court was conducting a contempt hearing." 764 A.2d at 576. Finally, we reject the Commonwealth's argument that Appellant waived his due process challenge by not filing a post-sentence motion, as the post-sentence motion practice following a criminal conviction is optional and Appellant had the immediate right to appeal to this Court upon his conviction of contempt. *See* 42 Pa.C.S. § 1123(a.1); Pa.R.Crim.P. 720; *Ashton*, 824 A.2d at 1200.

Accordingly, we decline to find waiver of Appellant's due process argument and turn to the question of whether the trial court was authorized to impose summary punishment for the contempt offense. As stated by our Supreme Court in *Moody*, "the power to impose summary punishment for direct criminal contempt is not applicable to minor misconduct, even in open court, but instead is available only for such conduct as created an open threat to the orderly procedure of the court and such flagrant defiance of the person and presence of the judge before the public that, if not instantly suppressed and punished, demoralization of the court's authority will follow." 125 A.3d at 9 (citation and quotation marks omitted). The Court "has recognized [that] misconduct occurs in the presence of the court if the court itself witnesses the conduct or if the conduct occurs outside the courtroom but so near thereto

that it obstructs the administration of justice." *Id.* at 12 (citation, emphasis, and quotation marks omitted). "Contempt, therefore, is subject to summary proceedings not only where it takes place directly under the eye of the court—in the sense that the court is looking directly at it—but also anywhere within the view of the court." *Id.* (citation and quotation marks omitted).

In light of the standards set forth by our Supreme Court, we conclude that the trial court did not have authority to summarily convict Appellant of contempt because it did not personally observe or have personal knowledge of Appellant's failure to surrender, the conduct that formed the basis of the conviction. While Judge Lynn directed Appellant at the time of sentencing to appear in courtroom 506 on July 20, 2018, the record is devoid of any evidence that Judge Lynn was present in the courtroom 506 on the surrender date. A different Municipal Court judge issued a bench warrant on July 20, 2018, and nothing in the proceedings at the March 8, 2019 bench warrant hearing indicate that Judge Lynn was contemporaneously aware of or witnessed Appellant's July 20, 2018 failure to surrender. Therefore, while it is well-established that a trial court may hold a party in contempt for defying an order to appear in court,[7] we must conclude that the trial court was not permitted to dispense with the rudiments of due process and impose summary punishment for contempt where the contumacious conduct did not take "place directly under the eye of the court" or "anywhere within the view of the court."

---

[7] *See, e.g., Commonwealth v. Ferrara*, 409 A.2d 407 (Pa. 1979); *Edwards*, 703 A.2d at 1060.

***Moody***, 125 A.3d at 12 (citation and quotation marks omitted).  Accordingly, we are constrained to vacate Appellant's March 8, 2019 contempt conviction.[8]

Judgment of sentence vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/18/2021</u>

_____

[8] As we vacate Appellant's conviction on due process grounds, we need not reach his sufficiency of the evidence argument.